UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHIGAN HEALTHCARE
PROFESSIONALS, PC                    Civil Case No. 25-12370

    Plaintiff,                              Hon.

v.

ROBERT F. KENNEDY, JR.,
in his official capacity as
SECRETARY
OF THE U.S. DEPARTMENT OF
HEALTH AND HUMAN
SERVICES,

    Defendant.

---

# COMPLAINT

Plaintiff, Michigan Healthcare Professionals, P.C., by and through its attorneys, Rogers & Associates, P.C., Attorneys and Counselors, states as follows:

## I. PARTIES, JURISDICTION AND VENUE

1. Plaintiff, Michigan Healthcare Professionals, P.C., is a Michigan professional service corporation and is a Medicare-enrolled multi-specialty physician group with its principal place of business in Oakland County, Michigan.

2. Defendant, Robert F. Kennedy, Jr., is the Secretary of the U.S. Department of Health and Human Services and is responsible for the administration of the Medicare program through the Centers for Medicare & Medicaid Services ("CMS"). He is sued in his official capacity.

3. This action is brought pursuant to 42 U.S.C. § 405(g), as incorporated into the Medicare statute by 42 U.S.C. § 1395ff(b)(1)(A), to obtain judicial review of two final decisions of the Medicare Appeals Council that denied Medicare reimbursement to Plaintiff on two claims.

4. This Court has jurisdiction over this matter pursuant to 42 U.S.C. § 405(g).

5. Venue is proper under 42 U.S.C. § 405(g) because Plaintiff's principal place of business is located in Oakland County, Michigan, and the underlying services were rendered in this district.

6. The amount in controversy exceeds $1,900.

## II. FACTUAL BACKGROUND

7. Plaintiff provides oncologic physician services to its cancer patients, including but not limited to administration of chemotherapy drugs.

8. Plaintiff rendered medically necessary services to two Medicare beneficiaries; specifically:

    a. On January 3, 2019, following an order by treating physician, Ayham Ashker, M.D., Plaintiff administered bendamustine, a chemotherapy drug, to patient B.D.  Docket No. M-23-980; OMHA Appeal No. 3-8598926096. See Exhibits A and C.

    b. On February 21, 2019, following an order by treating physician, Jeffrey Margolis, M.D., Plaintiff administered bendamustine, a chemotherapy drug to patient A.N.  Docket No. M-23-978; OMHA Appeal No. 3-8598926392. See Exhibits B and D.

9. Plaintiff submitted claims for reimbursement for the services described in Paragraph 8 under the Medicare Part B program.

10. Plaintiff submitted both claims to the Medicare Administrative Contractor (MAC) using drug Not Otherwise Classified (NOC) Code J9999.

11. NOC Codes are used when there is no existing true code for the drug administered to the patient.

12. The brand name of bendamustine, the drug administered to the patients on the dates of service in Paragraph 8, is Belrapzo (by Eagle Pharmaceuticals).

13. No existing true code for Belrapzo existed until July 21, 2019, months after it was administered to patients B.D. and A.N.

14. Plaintiff billed each administration of bendamustine for the dates of services in Paragraph 8 using the NOC Code J9999.

15. The Medicare Administrative Contractor (MAC) denied both claims.

16. Plaintiff appealed the denials through the Medicare administrative appeals process, including a request for a redetermination, reconsideration, and a hearing before an Administrative Law Judge ("ALJ").

17. The ALJ issued unfavorable decisions on both claims, concluding that the chemotherapy drugs were not covered under Medicare Part B. See the ALJ decisions attached as Exhibits A and B.

18. Petitioner timely appealed the ALJ's decisions on each claim, and the Medicare Appeals Council ("Council") issued its final decisions on May 28, 2025, and June 17, 2025. See the Council's final decisions attached as Exhibits C and D.

19. The Council modified the ALJ's decisions but ultimately denied reimbursement for both claims. See Exhibits C and D.

20. The Council's decision constitutes the final decision of the Secretary under 42 U.S.C. § 405(g).

21. Plaintiff has exhausted all administrative remedies.

### III. CLAIM FOR RELIEF

    **a. Generally**

22. Plaintiff realleges all allegations as set forth above in paragraphs 1 through 21.

23. The decision of the Medicare Appeals Council is not supported by substantial evidence and is contrary to applicable law, regulations, and CMS policies and guidelines, including but not limited to:

    a. Violations of 42 U.S.C. § 1395y(a)(1)(A);

    b. Failure to properly evaluate the medical necessity of services provided.

    c. Misinterpretation of applicable CMS coverage policies and guidelines, including but not limited to:

        i. Local Coverage Decision L37205, "Chemotherapy Drugs and their Adjuncts" (Rev. Eff. Aug. 1, 2018), and

        ii. Policy Article A55640, "Not Otherwise Classified Chemotherapy Agents (NOC) Billing and Coding Guidelines" (Rev. Eff. Jan. 1, 2019).

### b. As to Beneficiary/Patient B.D.

24. There is insufficient evidence to support the Council's final decision with respect to the claim for patient B.D; specifically:

    a. The Council's finding that the J9999 code billed is not supported by the record is erroneous and contrary to the administrative record and applicable laws and regulations.

    b. The Council's finding that "nothing in the medical record 'identif[ies] specifically for what the NOC code is being billed" or "the name of the drug,' other than bednamustine," is contrary to the applicable Medicare policies (see Exhibit C).

    c. The applicable Medicare policies require the medical record to list the specific drug name –bendamustine, not the specific brand name of the drug for the NOC code.

    d. The medical record is clear, and the Council specifically found, that "the treatment notes, nurse notes, charge sheet, and Billing Form Detail, all reflect that bendamustine was provided to the beneficiary on January 3, 2019" (Exhibit C).

    e. The medical documentation is sufficient to show the drug was medically necessary and reasonable, and the J9999 code billed is supported by the record.

    **c. As to Beneficiary/Patient A.N.**

25. The evidence is insufficient to support the Council's final decision regarding the claim for patient A.N.

    a. The Council's finding that the J9999 code billed is not supported by the record is erroneous and contrary to the administrative record and applicable laws and regulations.

    b. The Council's finding that "nothing in the medical record 'identif[ies] specifically for what the NOC code is being billed" or "the name of the drug,' other than bednamustine," is contrary to the applicable Medicare policies (see Exhibit D).

    c. The applicable Medicare policies require the medical record to list the specific drug name – bendamustine, not the specific brand name of the drug for the NOC code.

    d. A charge sheet for the administration of the drug states that the patient received 100mg of bendamustine with a National Drug Code No. 42367-0520-25.

    e. The National Drug Code is a unique number assigned by the FDA and used to identify and track specific drugs.

    f. National Drug Code No. 42367-0520-25 correlates with bendamustine.

    g. The medical record is clear, and the Council specifically found, that "the treatment notes, nurse notes, and charge sheet all reflect that bendamustine was provided to the beneficiary on February 21, 2019" (Exhibit D).

    h. The medical documentation is sufficient to show the drug was medically necessary and reasonable, and the J9999 code billed is supported by the record.

26. The Council's decision as to both claims is arbitrary, capricious, an abuse of discretion, and not in accordance with the law, in violation of the Administrative Procedure Act (5 U.S.C. § 706).

WHEREFORE, Plaintiff respectfully requests that this Court:

    A. Vacate the final decisions of the Medicare Appeals Council;

    B. Remand the case with instructions to approve reimbursement for both disputed claims;

    C. Award Plaintiff its reasonable attorneys' fees and costs pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412; and

    D. Grant such other and further relief as the Court deems just and proper.

Dated: August 1, 2025                Respectfully submitted,

ROGERS & ASSOCIATES, P.C,
ATTORNEYS & COUNSELORS

/*s*/  *Brian P. Lennon*
Brian P. Lennon (P47361)
Jennifer J. Qonja (P79156)
32255 Northwestern Highway, Suite 190
Farmington Hills, Michigan 48334
blennon@healthlex.com
jqonja@healthlex.com
(248) 702-6350

Attorneys for Plaintiff